```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
OPT OUT OF IEAM, LLC as Assignee, and   :
on behalf of the following individual   :
Shareholders who opted out of the       :
prior Class Action Proceeding against   :
defendant, Industrial Enterprise of     :
America, Inc. (IEAM); et al.,           :   11 Civ. 8470 (DLC)
                                        :
                 Plaintiffs,            :
         -v-                            :
                                        :
INDUSTRIAL ENTERPRISES OF AMERICA,      :
INC.,                                   :
                                        :
                 Defendant,             :
                                        :
and LAURENCE M. ROSEN, ESQ.,            :
                                        :
                 Nominal Defendant      :
                 Stakeholder.           :
                                        X
---------------------------------------- :
                                        :
ERNEST C. SEGUNDO, JR., and ERNEST C.   :
SEGUNDO, SR.,                           :
                                        :
                 Plaintiffs,            :
         -v-                            :
                                        :
INDUSTRIAL ENTERPRISES OF AMERICA,      :   11 Civ. 8836 (DLC)
INC.,                                   :
                                        :   OPINION & ORDER
                 Defendant,             :
                                        :
and LAURENCE M. ROSEN, ESQ.,            :
                                        :
                 Nominal Defendant      :
                 Stakeholder.           :
                                        :
----------------------------------------X
```

```
APPEARANCES:
For the plaintiffs:
Harlan J. Protass
Clayman & Rosenberg LLP
305 Madison Avenue
New York, NY 10165

Harvey N. Fertig, Esq.
363 7th Avenue
7th Floor
New York, NY 1001

For the defendant:
Phillip Kim
The Rosen Law Firm, LLP
275 Madison Avenue, 34th Floor
New York, NY 10016
```

DENISE COTE, District Judge:

The above-captioned actions arise from the 2009 settlement of a securities-law class action against Industrial Enterprises of America ("IEAM") and various individual affiliates of that company (collectively, the "IEAM Defendants"). See Mallozzi v. Industrial Enterprises of America, Inc., et al., 07 Civ. 10321 (DLC) (the "Class Action"). The settlement was memorialized in a Superseding Stipulation and Agreement of Settlement (the "Class Action Settlement Agreement") that received final approval on May 31, 2011. Among other things, the Class Action Settlement Agreement provided that the defendants' insurer would pay a total of $3.2 million into two separate escrow accounts: $2.2 million into an account labeled the "Payment Fund" and $1 million into the "Holdback Fund." Subject to certain limitations, the Holdback Fund may be drawn upon by the IEAM Defendants to fund

costs they may incur in connection with "Holdover Proceedings" -- that is claims by parties excluded from the settlement class related to the claims that were at issue in the Class Action. In the event the Holdback Fund is not exhausted through Holdover Proceedings, any balance is to be distributed to the settlement class. Nominal Defendant Laurence Rosen, whose firm represented the lead plaintiff in the Class Action, is the escrow agent for the Holdback Fund.

The plaintiffs in the above-captioned actions were, for varying reasons, not included in the settlement class. Their claims against IEAM are substantially similar to those that were asserted in the Class Action. Because IEAM is bankrupt and its insurance policy has been exhausted, the plaintiffs' best hope for recovery is the Holdback Fund. To protect their interest in the Holdback Fund, the plaintiffs in both cases have joined Rosen as a nominal defendant. As reflected in an Order of May 10, the Court has determined that no funds may be distributed from the Holdback Fund until May 15, 2013, when the universe of potential claimants will be known.

On August 31, Rosen filed a motion to dismiss the complaint in case number 11 Civ. 8836 (DLC). He filed a similar motion in case number 11 Civ. 8470 (DLC) on September 19. Both motions seek dismissal on the ground that the respective complaints fail to state a claim upon which relief can be granted and fail to

present a justiciable case or controversy.  In case number 11 Civ. 8470 (DLC), Rosen also argues that he has not been properly served and that certain allegations should be stricken pursuant to Rule 11, Fed. R. Civ. P.  For the reasons that follow, the motions are denied.

DISCUSSION

I. Adequacy of the Allegations

Rosen asserts that the complaints do not plead a sufficient basis to name him as a nominal or relief defendant.  When a person "'holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute,'" she may properly be joined as a relief defendant. CFTC v. Walsh, 618 F.3d 218, 225 (2d Cir. 2010) (quoting SEC v. Colello, 139 F.3d 674, 676 (9th Cir. 1998)).  "The paradigmatic nominal defendant is a trustee, agent, or depository who is joined purely as a means of facilitating collection." Colello, 139 F.3d at 676 (citation omitted).  Here, the complaints in both cases allege that, as a result of the Class Action Settlement Agreement, Rosen is holding funds in escrow to pay any settlement, judgments or awards in Holdover Proceedings such as these.  These funds are effectively the subject matter of these litigations, as there is no dispute that IEAM itself is judgment proof.

In seeking dismissal of the complaints against him, Rosen

argues that "the application of the nominal defendant doctrine <u>in a securities enforcement action</u> is strictly limited in scope to persons that: '(1) [have] received ill-gotten funds, and (2) [do] not have a legitimate claim to those funds.'" (quoting <u>SEC v. Cavanaugh</u>, 155 F.3d 129, 136 (2d Cir. 1998) (emphasis supplied)). He argues that because the plaintiffs have not alleged that the funds in his possession are ill-gotten, he cannot be named as a nominal defendant.

Rosen overlooks the fact that although these actions are brought under the securities laws, they are not "securities enforcement actions."  As a result, he places undue emphasis on the <u>Cavanaugh</u> court's use of the phrase "ill gotten," a descriptor that is particular to cases in which the Government seeks to obtain disgorgement of funds that are tainted by violations of the law.  See <u>FTC v. Bronson Partners, LLC</u>, 654 F.3d 359, 372 (2d Cir. 2011) ("[D]isgorgement is a distinctly public-regarding remedy, available only to government entities seeking to enforce explicit statutory provisions.")

Although the naming of nominal or relief defendants is common in enforcement actions, the practice is not limited to cases in which the funds at issue are tainted by misconduct. Indeed, as noted above, the paradigmatic relief defendant is a properly appointed trustee who holds legal title over property, the equitable ownership of which is in dispute.  Accordingly,

joinder of Rosen is proper in these cases.

II.  Subject Matter Jurisdiction

Next, Rosen argues that the Court lacks subject matter jurisdiction over the plaintiffs' claims against him.  Citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 227 (1937), he notes that in order for a case to be justiciable, "[t]he controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests."  Id. at 240-41.  He suggests that, in this case, no case or controversy exists in so far as he is concerned, because his conduct is not alleged to have been improper and because the plaintiffs' claims to the Holdback Fund are contingent.

Rosen's argument is misplaced.  The Constitution's case-or-controversy requirement is satisfied by the plaintiffs' allegations that IEAM and its officers violated the securities laws.  Rosen is joined in his capacity as a custodian of the defendants' assets for the purpose of facilitating the enforcement of any award the plaintiffs might recover.  No cause of action is asserted against him.  For this reason, the Fourth Circuit has concluded that "once the district court has acquired subject matter jurisdiction over the litigation regarding the conduct that produced the funds, it is not necessary for the court to separately obtain subject matter jurisdiction over the claim to the funds held by the nominal defendant."  CFTC v.

Kimberlynn Creek Ranch, Inc., 276 F.3d 187, 191 (4th Cir. 2002).

III.  Improper Service

Rosen also argues that he has not been properly served in case number 11 Civ. 8470 (DLC) and that, accordingly, the claims as to him in that action should be dismissed.  Rule 4(m), Fed. R. Civ. P., provides that "[i]f a defendant is not served within 120 days after the complaint is filed the court . . . must dismiss the action without prejudice against the defendant or order that service be made within a specified time."  Because the complaint in this case was filed on November 22, 2011, the time for service has long since passed.

Although there is no proof of service filed on the docket sheet for case 11 Civ. 8470 (DLC), the plaintiffs argue that Rosen has been properly served.  They attach to their opposition brief an affidavit of their process server showing that the summons and complaint were timely delivered to a "doorman / secretary" at his offices on the 34th floor on December 21, 2011.  This is not an effective means of service.

Service of process on an individual within a judicial district of the United States may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).  New York law provides for service of process on a natural person by,

among other ways, delivering the summons and complaint "to a person of suitable age and discretion at the actual place of business . . . of the person to be served <u>and</u> by . . . mailing the summons by first class mail to the person to be served at his or her actual place of business" with such delivery and mailing "to be effected within twenty days of each other."  N.Y. C.P.L.R. § 308(2) (emphasis added).  If this method is used, "proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later."  <u>Id.</u>  But the process server's receipt attached to the plaintiffs' opposition brief does not indicate that a copy of the pleadings was mailed to Rosen, nor, as noted, has proof of service been filed with the Clerk of Court.

Because service of Rosen has not been perfected in case number 11 Civ. 8470, the claims against him in that case may be dismissed without prejudice.  As noted, however, Rule 4(m) provides that as an alternative to dismissing the claims, the Court has discretion to instead require that the plaintiffs perfect service within a specified time.  In this case, there would be little achieved from dismissing the claim against Rosen and requiring the plaintiffs in 11 Civ. 8470 (DLC) to commence their case anew.  Rosen has had effective notice of this litigation since at least March 30, when he appeared through

counsel, for a conference before the Court. Despite his presence at this conference, at which the issue of service of other parties was discussed, Rosen failed to raise the fact that he had not been properly served, and, indeed, did not do so until he filed the present motion nearly six months later. In the meantime, the litigation has been stayed, and thus Rosen has not been in any way prejudiced by the failure to serve him. Because dismissal of the claims against Rosen would accomplish nothing more than additional delay, the plaintiffs are given until January 18, 2013, to perfect service and file proof of service with the Clerk of Court. If, after that date, Rosen has still not been properly served, the plaintiffs' claims against him will be dismissed.

IV. Rule 11

Finally, Rosen argues that certain allegations contained in the complaint in case number 11 Civ. 8470 (DLC) violate Rule 11, Fed. R. Civ. P., and must be stricken. He contends that significant portions of the complaint are derived from the Second Amended Complaint filed in the underlying class action, which was authored by members of his firm, and that, accordingly, the plaintiffs in case number 11 Civ. 8470 (DLC) lack any independent knowledge of the basis for their claims.

Notably, Rosen does not argue that the allegations in the class action complaint, drafted by his own firm, are not

9

reliable. Nor can he dispute that, to the extent that the complaint in 11 Civ. 8470 (DLC) relies on allegations drawn from the class action complaint, the reliability of those allegations is reinforced by the public information disclosed in criminal and bankruptcy proceedings upon which the present complaint also relies. Moreover, Rosen cannot circumvent Rule 11's procedural requirements, which demand that the opposing party be served with motion papers 21 days before they are filed with the court, by framing his motion as one made under Rule 12. See Fed. R. Civ. P. 11(c)(2). For all of these reasons, this motion must be denied.

CONCLUSION

Rosen's August 31 motion to dismiss the complaint in case number 11 Civ. 8836 (DLC) and his September 19 motion to dismiss the complaint in case number 11 Civ. 8470 (DLC) are denied. Plaintiff in case number 11 Civ. 8470 (DLC) shall perfect service of Rosen no later than January 18, 2013, or the claims against him will be dismissed.

SO ORDERED:
Dated:   New York, New York
         December 11, 2012

_____
DENISE COTE
United States District Judge